# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBA LEE FRELIMO,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MARCHAK, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00769-SKO (PC)<br><br>FIRST SCREENING ORDER DENYING REQUEST FOR COUNSEL, DISMISSING CDCR MENTAL HEALTH DEPT. AS A PARTY, WITH PREJUDICE, AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS<br><br>(Doc. 1) |

**I.     Screening Requirement and Standard**

Plaintiff Oba Lee Frelimo ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 5, 2015. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Summary of Allegations**

Plaintiff, an inmate at Folsom State Prison in Represa, California, brings this action against Staff Psychiatrist M. Marchak, M.D., Chief Psychiatrist S. Grewal, M.D., and the California Department of Corrections and Rehabilitation ("CDCR") Department of Mental Health for violating his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. Plaintiff's claims arise out of the involuntary administration of the medication Zyprexa while he was at California State Prison-Corcoran in 2013. Plaintiff alleges that on July 1, 2013, Defendant Marchak wrote a false mental health report stating that Plaintiff cut his wrists, admitted to cutting his wrists, and was self-injurious. As a result of the report, Plaintiff was placed in the prison's mental health hospital, where he was held in a cold cell that had blood on

2

the floor and food stuck to the walls and ceiling.  Plaintiff was then subject to a *Keyhea* order forcibly medicating him against his will for one year.[1]

Plaintiff alleges that Zyprexa has serious side effects that render it dangerous.  One of the side effects is high blood pressure and Plaintiff was previously diagnosed with high blood pressure.  Plaintiff alleges that he now has to take hydrochlorothiazide, 25 mg., because of the Zyprexa.[2]  Plaintiff also alleges that he suffers from chronic headaches, abnormal muscle contractions, fatigue, weight gain, and sexual dysfunction as a result of the medications he was forced to take for one year.  Plaintiff alleges that Defendant Marchak's report was false, as evidenced by his medical records documenting the lack of lacerations on him, and it caused him to be placed under CDCR Mental Health Department care.

### B.  CDCR Mental Health Department as Party

Plaintiff names the CDCR Mental Health Department as a defendant.  However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Thus, Plaintiff may not maintain a claim against the CDCR Mental Health Department and it shall be dismissed from this action.

///

///

---

[1] In *Keyhea v. Rushen*, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), the court set forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications.  Such courts orders are commonly known as *Keyhea* orders.

[2] The Court may take judicial notice of information on government websites not subject to reasonable dispute, Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Siebert v. Gene Security Network, Inc.*, 75 F.Supp.3d 1108, 1111 n.2 (N.D.Cal. 2014), and it takes judicial notice of the fact that hydrochlorothiazide is a diuretic (water pill) used to treat high blood pressure. https://www.nlm.nih.gov/medlineplus/druginfo/meds/a682571.html (U.S. Dept. of Health & Human Services, National Institutes of Health website).

**C.    Due Process Claims**

**1.    Involuntary Administration of Medication**

Turning first to Plaintiff's due process claims, prisoners have a substantial liberty interest, grounded in the Due Process Clause, in avoiding the involuntary administration of antipsychotic medication. *Washington v. Harper*, 494 U.S. 210, 229, 110 S.Ct. 1028 (1990). Prisoners may be involuntarily medicated if they are dangerous to themselves or others, and the treatment is in their best medical interest, but they must be provided with procedural protections to ensure that the decision to medicate them involuntarily is not arbitrary or erroneous. *Harper*, 494 U.S. at 227-28.

Although Plaintiff alleges that Defendant Marchak falsely reported he cut his wrists, which led to a one-year *Keyhea* order for the involuntary administration of Zyprexa, the mere disagreement with Defendant's decision to write a report and/or recommend medicating him does not evidence a constitutional violation. Given that Plaintiff's complaint fails to set forth any facts indicating that he was subject to the *Keyhea* order without the procedural protections he was due under federal law, he fails to state a claim for relief under section 1983.

**2.    Inmate Appeals Process**

Next, Plaintiff alleges a claim for relief against Defendant Grewal based on his involvement in addressing Plaintiff's inmate appeal. Plaintiff alleges that his appeal was granted but he remained subject to the involuntary administration of medication.

As an initial matter, Plaintiff mischaracterizes the grant of his appeal. The appeal decision does not reflect that he was granted relief from the *Keyhea* order. To the contrary, the appeal reflects that it was granted in that Plaintiff agreed with the court order requiring he be medicated because he was a danger to himself due to his mental illness. (Comp., Ex. B.) Regardless, the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result, that the appeals process was deficient, and/or that the relief he was granted did not come to fruition. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Thus, Plaintiff may not pursue a claim against Defendant Grewal under section 1983 based merely on Grewal's appeal decision and there is

nothing about the substantive appeal response that supports a claim for relief. *Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

### D. Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Morgan*, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To the extent that Plaintiff is attempting to pursue an Eighth Amendment claim based either on the cold, dirty conditions in the Mental Health Department or on the decision to medicate him with Zyprexa, his allegations do not support a viable claim. The allegation that he was housed in a cold cell that had blood on the floor and food stuck to the walls and ceiling does not demonstrate the existence of conditions that posed a substantial risk of serious harm to his health.

*Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992); *Johnson*, 217 F.3d at 731. His allegation that Zyprexa is dangerous similarly fails to support a plausible claim based on the existence of a substantial risk of serious harm to his health of which the prescribing doctor was aware. Zyprexa is approved by the U.S. Food and Drug Administration, and Plaintiff's opinion that it is dangerous because it can lead to serious side effects does not suffice to support a reasonable inference that the medication posed a grave risk to Plaintiff's health; a prisoner's mere disagreement with his treating doctor's chosen course of treatment does not give rise to a claim under section 1983.[3] *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta*, 744 F.3d at 1082-83; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012).

### E.   Request for Appointment of Counsel

In his complaint, Plaintiff requests the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a

---

[3] The Court takes judicial notice of the U.S. Food and Drug Administration website. http://www.accessdata.fda.gov/scripts/cder/drugsatfda/index.cfm.

determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

### III.  Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies he believes, in good faith, are curable. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights; liability may not be imposed under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011). Plaintiff must demonstrate the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr*, 652 F.3d at 1205-08. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is denied;
2. The CDCR Mental Health Department is dismissed, with prejudice;
3. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

7

4. The Clerk's Office shall send Plaintiff a civil rights complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **December 29, 2015**                            **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE

8