# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

OBA LEE FRELIMO.

      Plaintiff,

      v.

M. MARCHAK, et al.,

      Defendants.

Case No. 1:15-cv-00769-SKO (PC)

**ORDER DISMISSING ACTION FOR FAILURE TO STATE ANY COGNIZABLE CLAIMS**

**(Docs. 1, 8, 9)**

## INTRODUCTION

### A.     Background

Plaintiff, Oba Lee Frelimo, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Original Complaint ("OC") was screened and found not to state any cognizable claims.  Plaintiff was provided detailed information of the requisite legal standards for his claims and opportunity to file a amended complaint.  Plaintiff filed the First Amended Complaint ("FAC") on January 25, 2016.  (Doc. 13.)  However, Plaintiff made no attempt to correct the deficiencies in his pleading identified by the Court.  He instead used the amended complaint form provided by the Court as a type of cover-sheet and simply referred to, attached, and resubmitted his Original Complaint.  The FAC even requests that the Court "fully grant" Plaintiff's OC. For the reasons discussed below, this action is DISMISSED since, despite being granted leave to amend his allegations, Plaintiff fails to state a cognizable claim upon which relief may be granted.

**B. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

**2. Use of Exhibits**

Plaintiff has attached the OC as an exhibit to the FAC. Exhibits may be used to support allegations only when attached and specifically referenced. Fed. R. Civ. Pro. 10(c). In the FAC,

1    Plaintiff generally refers to the OC stating "[See attached § 1983]."  Simply attaching a defective

2    pleading to an amended complaint form does not suffice to state a cognizable claim or to correct

3    the defects therein.  Plaintiff was also informed in the prior screening order that "an amended

4    complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1

5    (9th Cir. 2012) (*en banc*), and it must be 'complete in itself without reference to the prior or

6    superceded pleading,' Local Rule 220."  (Doc. 12, 7:21-23.)  Despite this, Plaintiff made no effort

7    to comply with Local Rules 220 or to correct the deficiencies identified in the OC.

8                                    **DISCUSSION**

9       **A.      Plaintiff's Allegations**[1]

10           Plaintiff, an inmate at California State Prison in Sacramento, California ("CSP-Sac"),

11   brings this action against Staff Psychiatrist M. Marchak, M.D., Chief Psychiatrist S. Grewal,

12   M.D., and the California Department of Corrections and Rehabilitation ("CDCR") Department of

13   Mental Health for violating his rights under the Eighth Amendment and the Due Process Clause

14   of the Fourteenth Amendment.  Plaintiff's claims arise out of the involuntary administration of

15   the medication Zyprexa while he was at California State Prison-Corcoran in 2013.  Plaintiff

16   alleges that on July 1, 2013, Defendant Marchak wrote a false mental health report stating that

17   Plaintiff cut his wrists, admitted to cutting his wrists, and was self-injurious.  As a result of the

18   report, Plaintiff was placed in the prison's mental health hospital, where he was held in a cold cell

19   that had blood on the floor and food stuck to the walls and ceiling.  Plaintiff was then subjected to

20   a *Keyhea* order forcibly medicating him against his will for one year.[2]

21           Plaintiff alleges that Zyprexa has serious side effects that render it dangerous.  One of the

22   side effects is high blood pressure with which Plaintiff was previously diagnosed.  Plaintiff

23   alleges that he now has to take hydrochlorothiazide, 25 mg., because of the Zyprexa.[3]  Plaintiff

---

[1] This summary is based on the allegations in Plaintiff's OC as he fails to state *any* new factual allegations in the FAC.

[2] In *Keyhea v. Rushen*, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), the court set forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications.  Such courts orders are commonly known as *Keyhea* orders.

[3] The Court may take judicial notice of information on government websites not subject to reasonable dispute, Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Siebert v. Gene Security*

3

also alleges that he suffers from chronic headaches, abnormal muscle contractions, fatigue, weight gain, and sexual dysfunction as a result of the medications he was forced to take for one year.  Plaintiff alleges that Defendant Marchak's report was false, as evidenced by his medical records documenting the lack of lacerations on him, and it caused him to be placed under CDCR Mental Health Department care.

### B. CDCR Mental Health Department as Party

Despite having been previously dismissed with prejudice, Plaintiff named the CDCR Mental Health Department as a defendant in the caption of the FAC.  As stated in the prior screening order, the Eleventh Amendment generally bars federal lawsuits against the state. *Wolfson v.  Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  The CDCR Mental Health Department is an agency of the State of California.  Thus, Plaintiff may not maintain a claim against the CDCR Mental Health Department.

### C. Due Process Claims

#### 1. Involuntary Administration of Medication

Prisoners have a substantial liberty interest, grounded in the Due Process Clause, in avoiding the involuntary administration of antipsychotic medication.  *Washington v. Harper*, 494 U.S. 210, 229, 110 S.Ct. 1028 (1990).  Prisoners may be involuntarily medicated if they are dangerous to themselves or others, and the treatment is in their best medical interest, but they must be provided with procedural protections to ensure that the decision to medicate them involuntarily is not arbitrary or erroneous.  *Harper*, 494 U.S. at 227-28.

---

*Network, Inc.*, 75 F.Supp.3d 1108, 1111 n.2 (N.D.Cal. 2014), and it takes judicial notice of the fact that hydrochlorothiazide is a diuretic (water pill) used to treat high blood pressure. https://www.nlm.nih.gov/medlineplus/druginfo/meds/a682571.html (U.S. Dept. of Health & Human Services, National Institutes of Health website).

Although Plaintiff alleges that Defendant Marchak falsely reported he cut his wrists, which led to a one-year *Keyhea* order for the involuntary administration of Zyprexa, his mere disagreement with Defendant's decision to write a report and/or recommend medicating him does not evidence a constitutional violation. As stated in the prior screening order, Plaintiff fails to state a claim for relief under section 1983 as he fails to set forth any facts indicating that he was subject to the *Keyhea* order without the procedural protections he was due under federal law.

### 2. Inmate Appeals Process

Plaintiff pursues Defendant Grewal based on his involvement in addressing Plaintiff's inmate appeal. Plaintiff alleges that his appeal was granted but he remained subject to the involuntary administration of medication. Plaintiff's characterization that his appeal on this issue was granted is inaccurate. The appeal decision does not reflect that he was granted relief from the *Keyhea* order. On the contrary, the appeal reflects that it was granted after Plaintiff agreed with the court order requiring that he be medicated because he was a danger to himself due to his mental illness. (Doc. 13, pp. 18-23.)

Regardless, as stated in the prior screening order, the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result, that the appeals process was deficient, and/or that the relief he was granted did not come to fruition. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Thus, Plaintiff may not pursue a claim against Defendant Grewal under section 1983 based merely on Grewal's appeal decision and there is nothing about the substantive appeal response that supports a claim for relief. *Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

### D. Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v.*

*Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  *Morgan*, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted).  As stated in the prior screening order, to maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To the extent that Plaintiff desires to pursue an Eighth Amendment claim based either on the cold, dirty conditions in the Mental Health Department or on the decision to medicate him with Zyprexa, his allegations do not support a viable claim.  The allegation that he was housed in a cold cell that had blood on the floor and food stuck to the walls and ceiling does not demonstrate the existence of conditions that posed a substantial risk of serious harm to his health.  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992); *Johnson*, 217 F.3d at 731.  His allegation that Zyprexa is dangerous also fails to support a plausible claim based on the existence of a substantial risk of serious harm to his health of which the prescribing doctor was aware.  Zyprexa is approved by the U.S. Food and Drug Administration, and Plaintiff's opinion that it is dangerous because it can lead to serious side effects does not suffice to support a reasonable

inference that the medication posed a grave risk to Plaintiff's health.[4]  A prisoner's mere disagreement with his treating doctor's chosen course of treatment does not give rise to a claim under section 1983.  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta*, 744 F.3d at 1082-83; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012).

## ORDER

For the reasons set forth above, Plaintiff's First Amended Complaint fails to state a cognizable claim against any of the named Defendants.  Given Plaintiff's apparent intentional and complete failure to attempt to correct the deficiencies in his factual allegations previously identified by the Court, and his persistence in attempting to state causes of action on factual allegations that he was previously advised are not cognizable, allowing further amendment would be futile.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY ORDERED that this entire action is dismissed with prejudice.

IT IS SO ORDERED.

Dated:   __December 15, 2016__                    _____/s/ *Sheila K. Oberto*_____
                                                  UNITED STATES MAGISTRATE JUDGE

---

[4] The Court takes judicial notice of the U.S. Food and Drug Administration website. http://www.accessdata.fda.gov/scripts/cder/drugsatfda/index.cfm.